IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **IBRAHIM ANYASS,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | **CASE NO: 7:24-cv-24-WLS** |
| : | |
| **FBI**, : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

On March 4, 2024, *pro se* Plaintiff Ibrahim Anyass filed his Complaint (Doc. 1). The docket reflects that a summons was never issued. By Order (Doc. 2) entered June 26, 2024, Plaintiffs was ordered to file, on or before July 9, 2024, evidence of returned summons executed or waived and/or show cause why the Complaint should not be dismissed for failure to serve Defendant. The Court noticed Plaintiff that failure to respond or comply with the Court's order would subject Plaintiff's Complaint to dismissal without prejudice, without further notice or proceeding. (*Id.*)

A review of the docket reflects that as of the date of this Order, Plaintiff has failed to comply with the June 26, 2024 Order. There is still no indication that a summons has been issued or that service has been perfected as to Defendant. Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." Fed. R. Civ. P. 4(m). Plaintiff has not served Defendant or shown cause why his Complaint should not be dismissed without prejudice after notice and Order from the Court.

Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to timely serve the Defendant.

**SO ORDERED**, this 15th day of July 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

1